UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL R. CARRICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00472-JPH-DLP |
| ) | |
| RICHARD BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT**

Plaintiff Michael R. Carrico, an inmate at Wabash Valley Correctional Facility, filed this complaint alleging that the defendants violated a number of his constitutional rights.

**I.     Screening Standard**

Because Mr. Carrico is a prisoner, the Court must screen his complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Mr. Carrico's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.     The Complaint

The complaint names 11 defendants: (1) Warden Richard Brown; (2) Assistant Warden Frank Littlejohn; (3) Assistant Warden Kevin Gilmore; (4) Jerry Snyder; (5) Lieutenant G. Small; (6) Thomas Wellington; (7) Shelby Decker; (8) A. Ledford; (9) Sergeant Cobb; (10) Officer Wallace; and (11) Officer Smith. He seeks damages and injunctive relief.

Mr. Carrico alleges five grounds related to five discrete incidents, plus a sixth ground alleging lack of periodic review for his assignment to the solitary confinement unit. The Court will address each in turn, adopting Mr. Carrico's numbering.

### 1.     Cold Cell

Mr. Carrico alleges that the heater in his unit was broken from February 28 to March 11 or March 12, 2020. During this time, the temperature in his cell ranged from 35 to 55 degrees Fahrenheit. Sergeant Cobb and Officer Smith knew of the cold temperatures but did not provide inmates with blankets or take any other remedial action.

On March 2, 2020, Mr. Carrico filed an informal grievance with Mr. Snyder, who forwarded it to Lieutenant Small. Neither took any remedial action.

On March 9, 2020, Mr. Carrico filed a formal grievance. He received a response on March 31 indicating that the grievance officer would follow up on the officers' failure to provide blankets. On April 14, having observed no follow up, Mr. Carrico wrote to Ms. Decker, who forwarded the letter to Mr. Wellington. Mr. Carrico found Mr. Wellington's response unsatisfactory.

As a result of the cold temperatures and other factors, black mold developed in Mr. Carrico's cell and "persist[ed] through the winter months." Mr. Carrico asserts that "requests to have the mold removed went unanswered," but he does not identify which defendants, if any, knew of the mold growth.

**2.    Boil Order**

On July 5, 2020, health officials announced a boil order for the Wabash Valley, including Wabash Valley Correctional Facility. Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Snyder, and Mr. Wellington knew of the boil order but failed to inform inmates in the solitary confinement unit where Mr. Carrico was housed. Mr. Carrico drank water from the sink in his room on July 5 and July 6. He developed a headache, a sore throat, and voice loss. Mr. Carrico learned of the boil order at 11:00 p.m. on July 6.

**3.    Outdoor Recreation Cell**

On June 29, July 13, July 18, and August 1, 2020, Mr. Carrico's outdoor recreation cell was fully or partially flooded. According to Mr. Carrico, this standing water contains bird feces, human feces, and urine. Mr. Wellington and Lieutenant Small were aware of the problem but took no remedial action.

**4.    Lack of Cold Water**

For six weeks in August and September 2019, Mr. Carrico could obtain only hot water, not cold, from the sink in his cell. Officers inconsistently provided Styrofoam cups with water at meal times. Officer Wallace, in particular, failed to provide Mr. Carrico with water at breakfast and lunch one day.

**5.    Solitary Confinement Unit Visitation Rules**

Mr. Carrico alleges that Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, and Mr. Snyder do not allow in-person visits for inmates in the solitary confinement unit. Instead, visits are conducted by two-way monitors so the inmates must remain in their cells.

Since March 2020, no in-person visits are allowed at Wabash Valley Correctional Facility—presumably in response to the ongoing pandemic. During this time, general population

inmates have been provided weekly Tel-Link video visits. Inmates in the solitary confinement unit are limited to telephone calls and email.

### 6. Lack of Periodic Review

Mr. Carrico alleges that he was assigned to the solitary confinement unit from August 10, 2018, to August 21, 2020, with no meaningful conduct review. On August 21, 2020, he was reclassified, but his new cell remains in the solitary confinement unit, and he is being treated as if he were still in segregation. Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Snyder, and Mr. Ledford have failed to provide meaningful periodic review.

### III. Discussion

#### A. Claims to Proceed

Mr. Carrico's claim alleging cold temperatures in his cell **SHALL PROCEED** as an Eighth Amendment deliberate indifference claim against Mr. Snyder, Lieutenant Small, Sergeant Cobb, and Officer Smith.

Mr. Carrico's claim alleging that prison staff failed to notify him of a boil order **SHALL PROCEED** as an Eighth Amendment deliberate indifference claim against Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Snyder, and Mr. Wellington.

Mr. Carrico's claim that he has not received meaningful periodic review of his solitary confinement status **SHALL PROCEED** as a due process claim against Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Snyder, and Mr. Ledford.

Mr. Carrico's claim that he is being denied visitation opportunities **SHALL PROCEED** as a First Amendment clam against Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr., Snyder, and Mr. Ledford.

This summary includes all viable claims identified by the Court. If Mr. Carrico believes that additional claims were alleged in the complaint but not identified by the Court, then he shall have **through December 31, 2020**, to identify those claims.

### B. Claims to Be Dismissed

Mr. Carrico's claims against Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Ledford, Mr. Wellington, and Mr. Decker regarding cold temperatures in his cell are **DISMISSED** for failure to state a claim upon which relief may be granted. The complaint does not allege that Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, or Mr. Ledford knew of his cold cell. The complaint does allege that Mr. Wellington and Mr. Decker knew of his cold cell on or after April 14, 2020—more than a month after the problem was resolved. Because the complaint does not allege that any of these defendants knew of the cold temperatures in Mr. Carrico's cell while the problem was ongoing, he has failed to allege that they were deliberately indifferent to his health and safety. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (personal involvement in a constitutional deprivation required for liability under 42 U.S.C. § 1983).

Any claim against Lieutenant Small regarding the boil order is **DISMISSED** for failure to state a claim upon which relief can be granted. The complaint mentions Lieutenant Small in Ground 2 of the "Cause of Action" section, but it makes no factual allegations against Lieutenant Small in the statement of facts. The complaint therefore contains insufficient factual content regarding Lieutenant Small's role in the alleged constitutional violation. *See Iqbal*, 556 U.S. at 678.

All claims regarding the flooded recreation cell are **DISMISSED** for failure to state a claim upon which relief can be granted. Prison officials must take reasonable measures to guarantee the safety of the inmates and ensure that they receive the "minimal civilized measure

5

of life's necessities," including adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials violate the Eighth Amendment by demonstrating deliberate indifference to a known risk of serious harm. *See*, *e.g.*, *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) ("[A] prison official is liable for failing to protect an inmate . . . only if the official 'knows of and disregards an excessive risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837 (1994)). The flooded recreation cell did not create a risk of serious harm. As Mr. Carrico acknowledges, he could have chosen not to enter the recreation cell. *See* dkt. 2, ¶ 65. He has a constitutional right to some form of exercise, *see Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013), but four days of lost recreation time due to standing water in his recreation cell would not constitute a violation of that right.

For similar reasons, all claims regarding the lack of cold water in Mr. Carrico's cell are **DISMISSED** for failure to state a claim upon which relief can be granted. As Mr. Carrico acknowledges, he had access to hot water even when his cell sink had no cold water. Drinking hot water (or waiting for the water to cool before drinking it) might be inconvenient and unpleasant but does not state a claim on these facts. Mr. Carrico has therefore failed to allege that any defendant violated the Eighth Amendment by failing to provide him with cold water.

### III.   Further Proceedings

The **clerk is directed** to terminate Thomas Wellington, Shelby Decker, and Officer Wallace from the docket.

The **clerk is directed** to issue process to defendants (1) Richard Brown, (2) Frank Littlejohn, (3) Kevin Gilmore, (4) Jerry Snyder, (5) Lieutenant G. Small, (6) A. Ledford, (7) Sergeant Cobb, and (8) Officer Smith. *See* Fed. R. Civ. P. 4(c)(3), 4(d). Process shall consist

of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 12/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL R. CARRICO
106495
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction employees
(all employed at Wabash Valley Correctional Facility):

    Richard Brown
    Frank Littlejohn
    Kevin Gilmore
    Jerry Snyder
    Lieutenant G. Small
    A. Ledford
    Sergeant Cobb
    Officer Smith