UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL R. CARRICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00472-JPH-MG |
| | ) | |
| RICHARD BROWN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO STRIKE AMENDED COMPLAINT,
SCREENING AMENDED COMPLAINT, DISMISSING DEFICIENT CLAIMS,
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Michael R. Carrico, an inmate at Wabash Valley Correctional Facility, filed this civil rights action alleging that the defendants violated a number of his constitutional rights. The Court screened Mr. Carrico's original complaint, dismissing some claims and allowing others to proceed. Mr. Carrico has filed an amended complaint, and the defendants have moved to strike it. The motion to strike must be **DENIED**. Some of the claims in the amended petition must be dismissed, some will proceed in this action, and others must be dismissed or severed.

### I.  Denying the Motion to Strike

In the motion to strike, defendants argue that the amended complaint should be stricken for two reasons: (1) it was not properly filed under Rule 15(a) of the Federal Rules of Civil Procedure, and second, and (2) it attempts to join new claims and defendants unrelated to the claims in the original complaint.

The parties dispute whether Mr. Carrico timely filed the amended complaint pursuant to Rule 15(a)(1)(B) or whether leave of court is required under Rule 15(a)(2). The Court need not

resolve that dispute. Given Mr. Carrico's apparent good faith attempt to file a timely amended complaint, the Court will exercise its discretion to not bar its filing based on untimeliness.

The defendants are correct that the amended complaint—and to some extent, the original complaint—raises a number of unrelated claims against unrelated defendants, contrary to Federal Rule of Civil Procedure 20. But instead of striking the amended complaint on this basis, the Court will screen the amended complaint and sever (or allow Mr. Carrico to dismiss) the improperly joined defendants and claims.

Accordingly, the motion to strike, dkt. [19], is **DENIED**.

## II. Screening the Amended Complaint

### A. Screening Standard

Because Mr. Carrico is a prisoner, the Court must screen his complaint, dismissing any and all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. The Amended Complaint

The amended complaint names 13 defendants: (1) Warden Richard Brown, (2) Assistant Warden Frank Littlejohn, (3) Assistant Warden Kevin Gilmore, (4) Jerry Snyder, (5) Ashlynn

Gonthier,[1] (6) Charles Dugan, (7) K. Fischer, (8) Lieutenant Gary Small, (9) Sergeant Tracy Cobb, (10) Officer River Smith, (11) Sergeant Jennifer Rinehart, (12) Jack Hendrix, and (13) Matt Leohr.

Mr. Carrico raises six sets of claims based on six discrete occurrences or series of occurrences. The Court will address each in turn, adopting Mr. Carrico's numbering.

### 1. Cold Cell

Mr. Carrico alleges that the heater in his unit was broken from February 28 to March 11 or March 12, 2020. During this time, the temperature in his cell ranged from 35 to 65 degrees Fahrenheit. Sergeant Cobb and Officer Smith knew of the cold temperatures but did not provide inmates with blankets or take any other remedial action.

On March 2, 2020, Mr. Carrico filed an informal grievance with Mr. Snyder, who forwarded it to Lieutenant Small. Neither took any remedial action.

On March 5, 2020, the heater was temporarily repaired, but the fix lasted only a few hours. The unit was not fully repaired until March 11 or March 12, 2020.

### 2. Boil Order

On July 5, 2020, health officials announced a boil order that included Wabash Valley Correctional Facility. Assistant Warden Littlejohn, Assistant Warden Gilmore, and Mr. Snyder knew of the boil order but failed to inform inmates in the solitary confinement unit where Mr. Carrico was housed. Mr. Carrico drank water from the sink in his room on July 5 and July 6. He developed a headache, a sore throat, and voice loss. Mr. Carrico learned of the boil order at 11:00 p.m. on July 6.

---

[1] The original complaint identified Ms. Gonthier as "A. Ledford."

### 3. Solitary Confinement Unit Visitation Rules

Mr. Carrico alleges that Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Ms. Gonthier, and Mr. Snyder do not allow in-person visits for inmates in the solitary confinement unit. Instead, visits are conducted by two-way monitors so the inmates can remain in their cells.

Since March 2020, no in-person visits have been allowed at Wabash Valley Correctional Facility—presumably in response to the ongoing pandemic. During this time, general population inmates have been provided weekly Tel-Link video visits. Inmates in the solitary confinement unit are limited to telephone calls and email.

### 4. Segregation with Lack of Due Process

Mr. Carrico alleges that Sergeant Rinehart sentenced him to disciplinary segregation in August 2018 following a hearing in which he was denied due process. He remained assigned to the solitary confinement unit from August 10, 2018, to August 21, 2020, with no meaningful periodic review. He further alleges that Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Snyder, Ms. Gonthier, and Mr. Dugan failed to provide meaningful periodic review. Mr. Carrico notified Mr. Hendrix and Mr. Leohr that he was not receiving meaningful review, but they failed to reclassify him or ensure meaningful periodic review.

On August 21, 2020, Mr. Carrico was reclassified to administrative segregation. His cell remained in the solitary confinement unit, and he alleges that Ms. Fischer failed to provide meaningful periodic review while he was in administrative segregation. Mr. Carrico was released from administrative segregation on October 14, 2020.

### 5. Retaliatory Housing Placement

After his release from administrative segregation, Mr. Carrico was placed in "George Cell House," which he describes as disciplinary housing not much different from the special confinement unit. He alleges that Assistant Warden Gilmore, Mr. Snyder, Ms. Fischer, Mr. Leohr, and Mr. Hendrix approved his placement in the George Cell House in retaliation for Mr. Carrico filing his original complaint in this action.

### 6. Two-Person Cell Placement

Finally, Mr. Carrico alleges that he was improperly assigned to a two-person cell after years in segregation. Mr. Carrico alleges that he has previously been assigned isolated cell status based on his inability to cope in a two-person cell. The placement in a two-person cell has caused Mr. Carrico stress and difficulty sleeping. Assistant Warden Gilmore, Mr. Snyder, Ms. Fischer, Mr. Leohr, and Mr. Hendrix approved his placement in a two-person cell.

Mr. Carrico seeks transfer to Indiana State Prison, which houses all inmates in single cells and is more conveniently located for Mr. Carrico's family.

## C. Discussion

### 1. Claims to Be Dismissed

Mr. Carrico's claims based on his placement in a two-person cell are **DISMISSED** for failure to state a claim on which relief may be granted.

Prison officials must take reasonable measures to guarantee the safety of the inmates and ensure that they receive the "minimal civilized measure of life's necessities," including adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials violate the Eighth Amendment by demonstrating deliberate indifference to a known risk of serious harm. *See*, *e.g.*, *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) ("[A] prison

official is liable for failing to protect an inmate . . . only if the official 'knows of and disregards an excessive risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837 (1994)).

Mr. Carrico's allegations do not allow the Court to reasonably infer that placement in a two-person cell creates an excessive risk to his health or safety. Nor do the allegations allow the Court to infer that any of the defendants *knew* that placement in a two-person cell created an excessive risk to his health or safety.

### 2. Claims to Proceed in this Action

Mr. Carrico's claims based on extended placement in segregation without due process **SHALL PROCEED** against Sergeant Rinehart, Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Snyder, Ms. Gonthier, Mr. Dugan, Ms. Fischer, Mr. Hendrix, and Mr. Leohr.

Mr. Carrico's Eighth Amendment claims based on failure to notify him of a boil order **SHALL PROCEED** against Assistant Warden Littlejohn, Assistant Warden Gilmore, and Mr. Snyder.

Mr. Carrico's First Amendment claims based on lack of visitation **SHALL PROCEED** against Warden Brown, Assistant Warden Littlejohn, Assistant Warden Gilmore, Mr. Snyder, and Ms. Gonthier.

Mr. Carrico's First Amendment retaliatory housing claim **SHALL PROCEED** against Assistant Warden Gilmore, Mr. Snyder, Ms. Fischer, Mr. Hendrix, and Mr. Leohr.

### 3. Claims to Be Severed or Dismissed

Lieutenant Small, Sergeant Cobb, and Officer Smith are not properly joined as defendants in this action. Defendants may be joined in one action if

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

For all defendants other than Lieutenant Small, Sergeant Cobb, and Officer Smith, Rule 20(a)(2) is satisfied based on Mr. Carrico's claims that he was held in extended segregation without due process. And because these other defendants are properly joined under Rule 20, Mr. Carrico may bring "as many claims as [he] has against [them]." Fed. R. Civ. P. 18(a); *see See UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (courts may turn to Rule 18 only after Rule 20 is satisfied).

But the only claims against Lieutenant Small, Sergeant Cobb, and Officer Smith are based on cold cell conditions. No question of law or fact common to these defendants and all others will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). It is not enough that Mr. Snyder also raises the cold-cell claim against Mr. Snyder. *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020) ("[M]ere overlap between defendants is not enough."). To be properly joined, the claims against these defendants must share some common question of law or fact with the claims against all other defendants. *Id.*

Accordingly, Mr. Carrico may not bring cold-cell claims against Lieutenant Small, Sergeant Cobb, or Officer Smith in this action. Mr. Carrico shall have **through July 26, 2021**, to notify the Court whether he wishes to sever the cold-cell claims into a separate action or dismiss these defendants. If Mr. Carrico fails to notify the Court by this deadline, the Court will sever all the cold-cell claims—including those against Mr. Snyder—into a separate action. Different judicial officers may be assigned, and Mr. Carrico will incur another filing fee obligation.

7

### III. Conclusion and Directing Further Proceedings

The defendants' motion to strike, dkt. [19], is **DENIED**. The amended complaint, dkt. [18], is now the operative complaint in this action, as discussed in this Order.

Mr. Carrico's claims based on his placement in a two-person cell are **DISMISSED**.

Mr. Carrico shall have **through July 26, 2021**, to notify the Court whether he wishes to sever his cold-cell claims into a new action or dismiss defendants Lieutenant Gary Small, Sergeant Tracy Cobb, and Officer River Smith.

All other claims in the amended complaint, as identified in this Order, **SHALL PROCEED** in this action.

The defendants who have previously appeared shall have **14 days from the date this Order is issued** to file an answer to the amended complaint. The defendants' motion for partial summary judgment, dkt. [20], remains pending.

The **clerk is directed** to issue process to Charles Dugan, K. Fischer, Sergeant Jennifer Rinehart, Jack Hendrix, and Matt Leohr. *See* Fed. R. Civ. P. 4(c)(3), 4(d). Process shall consist of the amended complaint, dkt. [18], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to change the name of defendant "A. Ledford" on the docket to "Ashlynn Gonthier."

**SO ORDERED.**

Date: 6/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL R. CARRICO
106495
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Electronic service to IDOC employees at Wabash Valley Correctional Facility:

    Charles Dugan
    K. Fischer
    Sergeant Jennifer Rinehart
    Jack Hendrix
    Matt Leohr