UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL R. CARRICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00472-JPH-MG |
| ) | |
| RICHARD BROWN Warden, WVCF, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO ASSERT
PREVIOUSLY WAIVED DEFENSES AND DISMISSING ACTION**

After a prison disciplinary committee found him guilty of possessing a cell phone, possessing a weapon, and inciting a riot, Michael Carrico was placed in segregation for two years. Dkt. 74-1 at 23–24; dkt. 32 at 4, 6. He brought this 42 U.S.C. § 1983 action against Defendants, alleging constitutional violations. Dkt. 18 (Amended Complaint). After screening, the Court permitted certain claims to proceed. Dkt. 32. The Court granted Defendants' motion for summary judgment and entered final judgment. Dkt. 87; dkt. 88. Mr. Carrico appealed, and the Seventh Circuit affirmed as to all claims except as to Mr. Carrico's due process claim against Sergeant Jennifer Rinehart. *Carrico v. Vanihel*, No. 23-1381, 2023 WL 7015274, at *6 (7th Cir. Oct. 25, 2023).

For that claim, the Seventh Circuit concluded that issue preclusion— which this Court relied on in granting summary judgment to Sgt. Rinehart—did not apply. *Id.* at *2. Defendants argued on appeal that they were nonetheless entitled to summary judgment on the due process claim against Sgt. Rinehart

1

because (1) Mr. Carrico failed to exhaust administrative remedies; and (2) it was "barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his challenge would necessarily imply the invalidity of disciplinary sanctions." *Id.* Although Defendants had waived those affirmative defenses by not raising them before this Court, the Seventh Circuit determined that "the question remains whether there was some ground to relieve the defendants from the consequence of their waiver." *Id.* The Seventh Circuit therefore remanded "so that the district court can evaluate whether to exercise its discretion and forgive the defendants' waiver of either argument based on grounds rooted in state sovereignty." *Id.*

On remand, the parties submitted their statements of position as to what action the court should take. Dkts. 101; 102; 104. This Court then set a deadline for Defendant Rinehart to file a motion to assert previously waived defenses and a briefing schedule. Dkt. 105. Defendant filed a motion, dkt. 106, and Mr. Carrico did not file a response. In her motion, Defendant argued, among other things, that she should be allowed to raise the *Heck* bar as a defense. Dkt. 107 at 3–5.

In *Heck,* the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

2

> bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87.  In *Edwards v. Balisok,* 520 U.S. 641, 643 (1997), the Supreme Court extended the *Heck* bar to § 1983 suits brought by prisoners challenging the outcome of prison disciplinary proceedings in which the plaintiff sought money damages rather than release.  The *Heck* framework has been "reaffirmed" by the Supreme Court several times and thereafter applied by the Seventh Circuit.  *Savory v. Cannon*, 947 F.3d 409, 416 (7th Cir. 2020).

    Here, Defendant argues that this Court should forgive her waiver and allow her to now raise the *Heck* bar as a defense.  Defendant argues that her failure to raise *Heck* was due to her "good-faith excuse", dkt. 107 at 4, of interpreting the screening order to not "include a due process claim related to the procedures of Plaintiff's disciplinary hearing", dkt. 102 at 2.  Defendant also argues that the Court should consider that *Heck* is "a defense rooted in state sovereignty grounds" and that Mr. Carrico was given notice and the opportunity to respond, dkt. 107 at 5.  In his statement of position, Mr. Carrico argues that the Court should not allow Defendant to raise the *Heck* bar now because she was on notice of his due process claim against Sgt. Rinehart and had ample time to raise *Heck* but didn't.  Dkt. 104.

    The Court finds that Defendant had plausible, good-faith reasons for not previously raising the *Heck* bar before this Court.  First, Mr. Carrico's Amended Complaint, which is 51 pages long not counting exhibits, does not clearly set forth a due process claim against Sgt. Rinehart based on her actions at the

disciplinary hearing. In the section entitled "Cause of Action," the Amended Complaint sets forth six "grounds": Ground 1, cold cell; Ground 2, boil order; Ground 3, SCU visitation rules; Ground 4, lack of periodic review; Ground 5, continued segregation; and Ground 6, violation of "IS 3 status." Dkt. 18 at 9-12. Sgt. Rinehart is only mentioned in Ground 4, lack of periodic review. *Id.* at 11. The gist of Ground 4 is that the named defendants sentenced Mr. Carrico "to an excessive amount of time in disciplinary segregation or, by failing to conduct meaningful periodic reviews and, or, classification hearings, thereby unnecessarily prolonging Plaintiff's stay in solitary confinement" in violation of the Fourteenth Amendment. *Id.* Ground 4 also alleges that Mr. Carrico's conditions of confinement were inhumane, in violation of the Eighth Amendment. *Id.*

None of the six grounds set forth in Mr. Carrico's Amended Complaint state that Mr. Carrico is bringing a due process claim against Sgt. Rinehart for her conduct as the hearing officer at the disciplinary hearing. While paragraphs 91 and 92 allege that Sgt. Rinehart failed to provide detailed factual findings at the hearing and failed to hear certain exculpatory evidence, those are two of 238 paragraphs in the Amended Complaint. Moreover, the crux of Mr. Carrico's Amended Complaint relates to the length and conditions of his confinement in segregation, not what happened at his disciplinary hearing.

Also, like the Amended Complaint, the Court's screening order does not expressly set forth a claim for due process violations based on Sgt. Rinehart's

4

conduct at the disciplinary hearing.  Under the section entitled, "Claims to Proceed in this Action", the screening order says, "Mr. Carrico's claims based on extended placement in segregation without due process **SHALL PROCEED** against Sergeant Rinehart [and 9 other defendants]."  Dkt. 32 at 6.

Last, a statement made by Defendants in their summary judgment brief corroborates their argument that they didn't think there was a due process claim based on Sgt. Rinehart's conduct at the disciplinary hearing:

> Of course, there are due process implications raised during the disciplinary proceedings that put a prisoner on disciplinary segregation in the first instance.  But in Mr. Carrico's case there is no argument to be made that he failed to receive due process in the disciplinary proceeding underlying the disciplinary segregation he complains of in this case.  This Court, in a habeas proceeding, has already found that Mr. Carrico received sufficient due process in his underlying disciplinary proceeding.  *Carrico v. Zatecky*, S.D. Ind. Case No. 2:19-cv-78-JMS-MJD, ECF 10 at 1 (1/8/20).

Dkt. 75 at 8-9 n.4.

In his summary judgment response, Mr. Carrico argued, among other things, that he "did not receive sufficient due process under *Wolff v. McDonnell* during his disciplinary hearing for a falsified charge of rioting. Defendant Rinehart, acting as Disciplinary Hearing Officer (DHO), denied plaintiff his right to introduce exculpatory evidence, and failed to provide a detailed fact-finding statement as part of her decision."  Dkt. 82 at 11-12.  This argument appears in a section of Mr. Carrico's brief entitled, "Due Process Violations Did Occur during Plaintiff's Disciplinary Segregation and Administrative Segregation." *Id.* at 7.

5

The Federal Rules of Civil Procedure require that "a party must affirmatively state any avoidance or affirmative defense..." Fed. R. Civ. P. 8(c). However, "the rule that forfeits an affirmative defense not pleaded in the answer (or by an earlier motion) is ... not to be applied rigidly." *Matthews v. Wis. Energy Corp.*, Inc., 642 F.3d 565, 570 (7th Cir. 2011). As relevant here, courts may forgive a party's waiver of its *Heck* defense "in accordance with the principle that treats the waiver of defenses based on grounds rooted in considerations of state sovereignty less harshly than other waivers." *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999).

Here, Defendant has provided a plausible, good-faith explanation for why she didn't raise the *Heck* bar earlier in the proceedings. Moreover, Mr. Carrico has not explained how allowing Defendant to assert the *Heck* bar at this juncture would prejudice him. Dkt. 105 (Court's order giving Mr. Carrico opportunity to file a response to Defendants' motion to assert previously waived defenses); *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436–37 (7th Cir. 2014). The Court has considered the facts presented here along with the comity issues that would be implicated by precluding Defendant from asserting the *Heck* bar to Mr. Carrico's claims. *See Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) ("A parallel civil suit would trigger the same considerations and concerns that *Heck* sought to avoid, including respect for federal-state comity and the preservation of habeas corpus as the sole avenue of relief for a state prisoner seeking post-conviction relief."). The Court exercises its discretion to allow

Defendant to assert the *Heck* bar as a defense, despite her earlier waiver, and proceeds to the merits of the *Heck* defense.

If a suit for damages would necessarily imply the invalidity of a prisoner's disciplinary conviction, the prisoner may not bring the damages claim "unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." *Haywood v. Hathaway*, 842 F.3d 1026, 1029 (7th Cir. 2016) (quoting *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); applying *Heck*, 512 U.S. 477). Here, Mr. Carrico challenged his conviction in a habeas petition which was ultimately denied and dismissed, and he did not appeal that judgment. *Carrico v. Zatecky*, 2:19-cv-00078-JMS-MJD (S.D. Ind. Jan. 8, 2020), dkts. 10, 11. He has therefore not obtained a "favorable termination" of a challenge to his conviction or sentence. Given that Mr. Carrico seeks money damages as relief, dkt. 18 at 50, a judgment in his favor "would necessarily imply the invalidity of his disciplinary sentence", *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019). *See Savory v. Cannon*, 947 F.3d 409, 415 (7th Cir. 2020). Mr. Carrico's claim that Sgt. Rinehart violated his due process rights in the disciplinary proceeding is therefore barred by the *Heck* doctrine. Accordingly, the Court concludes that Mr. Carrico's due process claim against Sgt. Rinehart must be dismissed without prejudice. *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) (noting that dismissals of claims under *Heck* are without prejudice).

Because the *Heck* claim is dispositive, the Court need not address Sgt. Rinehart's alternative arguments that Mr. Carrico failed to exhaust his administrative remedies or that the claim is barred by issue preclusion.

The defendant's motion, dkt. [106], is **GRANTED**. Accordingly, this action is **dismissed without prejudice**. The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 5/16/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL R. CARRICO
106495
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

All Electronically Registered Counsel